DAVID J. BLAUVELT, APPELLANT, *v.* THE VILLAGE OF NYACK AND OTHERS, AS PRESIDENT AND TRUSTEES, RESPONDENTS.

*Villages — Legislature may delegate power to ·them to terminate their existence — Repealed law — re-enacted by reference thereto — chap.* 291 *of* 1870 — *chap.* 628 *of* 1874 — *chap.* 426 *of* 1847 — *Constitution, art.* 8, § 1.

Prior to the passage of the constitutional amendments of 1874 (art. 3, § 17), the legislature had power to incorporate a repealed law into an existing statute, by a reference to the section of the law sought to be re-enacted.

Accordingly *held,* that, by section 1 of chapter 628 of 1874 (amending chapter 291 of 1870, in relation to the incorporation of villages), which provides that sections 90 and 91, of chapter 426 of 1847, shall form a part of said act, and apply to all villages already incorporated, or which might thereafter be incorporated thereunder, said sections were re-enacted, and became a portion of the laws of the State. .

Sections 90 and 91, of chapter 426 of 1847, authorizing incorporated villages to discontinue and terminate their existence, upon complying with the provisions thereof, are not an unauthorized delegation of legislative authority, and are constitutional and valid.

The legislature may authorize the dissolution of a village, even though rights acquired thereunder are thereby injuriously affected.

APPEAL from an order made at the Special Term, denying a motion for a temporary injunction.

The action was brought to restrain the village of Nyack, incorporated under chapter 291 of 1870, from taking steps to terminate its corporate existence, under chapter 628 of 1874, on the ground that the latter act is unconstitutional and void.

*C. P. Hoffman,* for the appellant.

*Quentin McAdam,* for the respondents.

PRATT, J. :

Article 8, section 1, of the Constitution provides that corporations may be formed under general laws, and that all general laws passed pursuant to that section may be altered from time to time or repealed. By section 9 of that article, it is made the duty of the legislature to provide for the organization of incorporated villages.

In exercising this power and duty, the legislature, in 1847,

passed " An act to provide for the incorporation of villages."
(Laws of 1847, chap. 426.) By section 90 of that act provision
was made for discontinuing and terminating the existence of any
incorporated village, incorporated under the act, by a popular vote,
to be expressed at an election.

In 1870 the legislature passed a new act providing for the incor-
poration of villages. This act made no provision for the discon-
tinuance or the termination of the existence of such corporations, but
repealed all other acts and laws for the general incorporation of
villages, as to the future incorporation thereof. (Laws of 1870,
chap. 291, title 8, § 32.)

The village of Nyack was incorporated in 1872 under this act.
By chapter 628 of the Laws of 1874 (§ 1), the legislature enacted
that section 32 of title 8 of the aforesaid act of 1870, should be
amended so as to read as follows : " All other general acts and laws
of this State for the general incorporation · of villages are hereby
repealed as to the future incorporation of villages, except sections
90 and 91 of chapter 426 of the laws of 1847, which sections shall
form a part of this act and shall apply to all villages already incor-
porated or which may be hereinafter incorporated under this act."

Proceedings having been commenced pursuant to the provisions
contained in section 90 of the act of 1847 to terminate the corpo-
rate existence of the village, this action was instituted to restrain
such proceedings.

The maintenance of the action is urged upon three grounds:
1. That section 1 of the act of 1874 was inoperative as a re-enact-
ment of section 90 of the act of 1847. 2. That said section 90 is
a mere delegation of legislative power and is therefore void.
3. That no power to destroy a village has been given to the legisla-
ture, where such destruction will injure rights previously acquired.
We are of opinion that neither of these positions can be sustained.

The intention of the legislature to re-enact the provisions of
sections 90 and 91 of the act of 1847 is perfectly plain ; nor was
there any objection to reviving a statute, which had been repealed,
by the mode pursued in this instance. There was then no consti-
tutional prohibition against that method of legislation and it was in
common use. The fact that an amendment of the Constitution was
necessary to make it illegal, shows that previous to such amend-

ment it was legal. (*Guest* v. *City of Brooklyn*, 8 Hun, 98.) With respect to the second objection it is sufficient to say that the proceedings prescribed for discontinuing the village are in all respects similar to those prescribed for its incorporation. If the objection should be upheld, the village never had a legal existence and the plaintiff cannot be injured by having it discontinued in any mode.

But we think that there was no delegation of legislative power in one case, further than pertains to every grant of a franchise, or in the other beyond that which all corporations possess of surrendering the corporate franchise and dissolving the corporation. It is certainly competent for the legislature to provide in what way such acts should be manifested and authenticated, and what shall be their legal effect.

The third objection is answered by the provisions of the Constitution above referred to granting the power to alter and repeal all general laws for the incorporation of villages. All rights acquired under such laws are necessarily subject to the exercise of that power at any time.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

Present — BARNARD, P. J., and PRATT, J. DYKMAN, J., not sitting.

Order affirmed, with costs.